UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    -v-

ANTHONY CAMISA,

               Defendant.

No. 16-cr-522 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

Before the Court is Defendant Anthony Camisa's counseled motion for a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), in light of the COVID-19 pandemic and his post-conviction rehabilitation.  (Doc. No. 1780.)  For the reasons discussed below, Camisa's motion is DENIED.

## I.       Background

From about 2011 through 2014, Camisa participated in a large gambling conspiracy, mainly paying those who won bets or collecting debts on behalf of the betting office.  (Doc. No. 671; Presentence Investigation Report ("PSR") ¶ 14.)  On several occasions, Camisa used a firearm to extort money from debtors, going so far as to hold one victim at gunpoint and threaten to harm him if the victim's friend and cousin failed to pay thousands of dollars owed by the victim.  (PSR ¶¶ 16, 18–19.)  Camisa eventually waived indictment and pleaded guilty, pursuant to a plea agreement with the government, to a two-count superseding information that charged him with one count of participating in an illegal gambling business, in violation of 18 U.S.C. § 1955, and one count of using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (*See* Doc. Nos. 671, 1122.)

At sentencing, the Court concluded that Camisa's conduct resulted in a Sentencing Guidelines range of four to ten months' imprisonment on the gambling count, followed by a mandatory consecutive sentence of five years on the gun count.  (Sent'g Tr. at 8–10.)  The Court further noted that, if Camisa had been convicted of brandishing a firearm to extort money, as the facts would have easily justified, he would have faced a mandatory seven-year consecutive sentence.  (*Id.* at 28.)  Although the Court weighed mitigating factors, including Camisa's youth and lack of a criminal history, the Court ultimately declined to impose a below-Guidelines sentence in light of the "disgraceful" and potentially deadly nature of Camisa's offenses, the need for specific and general deterrence, and the fact that Camisa, despite a good upbringing, simply "decided he wanted to be a thug."  (*See id.* at 48–50.)  As a result, the Court imposed a combined sentence of 66 months' imprisonment.  (*Id.* at 51.)  Camisa is currently incarcerated at FCI Fort Dix, and is scheduled to be released on September 4, 2021.  (*See* Doc. No. 1781 at 2.)

On October 14, 2020, Camisa filed a letter to the warden of his prison facility, requesting a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), which was denied two days later.  (*See id.*)  A month later, Camisa, through counsel, moved the Court to reduce his sentence of imprisonment to time served and to impose a term of supervised release with a home detention condition for the remainder of his original sentence.  (*Id.*)  Camisa argued that compassionate release was warranted in light of the seriousness of the ongoing pandemic and his own rehabilitation, which includes earning a GED and maintaining a nearly perfect disciplinary record.  (*See id.* at 6–7; *see also* Doc. No. 1788 (noting that Camisa's unit mates contracted coronavirus).)  The government opposed Camisa's motion, arguing that, as a healthy 29-year-old, Camisa failed to establish any extraordinary and compelling reason for early release, and that the seriousness of Camisa's crimes weighs heavily against early release in any event.  (*See* Doc. No. 1783 at 4–7.)

## II.        Analysis

A court "may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Roberts*, No. 18-cr-528 (JMF), 2020 WL 1700032, at *1 (S.D.N.Y. Apr. 8, 2020).  Section 3582(c)(1)(A) provides one such exception; it permits a court to reduce a defendant's sentence where (1) "extraordinary and compelling reasons warrant such a reduction," and (2) such relief would be consistent with both the objectives of sentencing set forth in 18 U.S.C. § 3553(a) and "applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  A prisoner can bring a motion for this compassionate release once he has satisfied certain procedural requirements not at issue in this case.  *See id.*

Here, Camisa argues that the COVID-19 pandemic, coupled with his rehabilitation, warrants a sentencing reduction.  But Camisa's argument falls short of satisfying his threshold burden.  While the Court certainly appreciates that Camisa has earned a GED and incurred only one prison infraction, rehabilitation alone does not give rise to an extraordinary or compelling reason for relief, *see* 28 U.S.C. § 994(t), as Camisa recognizes (Doc. No. 1781 at 6).  "Nor does the pandemic itself – without more – 'present extraordinary and compelling circumstances warranting a compassionate release.'"  *United States v. Parrello*, No. 16-cr-522 (RJS), 2021 WL 242426, at *2 (S.D.N.Y. Jan. 25, 2021) (quoting *Musa v. United States*, No. 19-cv-9130 (RJS), 2020 WL 6873506, at *8 (S.D.N.Y. Nov. 23, 2020)).  Thankfully, Camisa is healthy and young; he does not claim to have any underlying condition that would increase his risk of severe complications should he contract the coronavirus.  (*See generally* Doc. No. 1781.)  Although Camisa insists that the combination of rehabilitation and the prevalence of COVID-19 amount to an extraordinary and compelling reason for release, the Court cannot conclude that every inmate with a generally favorable prison record automatically has an "extraordinary" reason for early

3

release when the BOP facility in which he resides experiences an uptick of COVID-19 cases. *See Extraordinary*, *New Oxford American Dictionary* (3d ed. 2010) ("very unusual or remarkable").

But even if Camisa could meet his threshold burden, countervailing factors would nevertheless compel denial of his motion. As noted above, before granting a motion for compassionate release, the Court must assess the § 3553(a) sentencing factors to determine "whether those factors outweigh the 'extraordinary and compelling reasons' warranting compassionate release, particularly whether compassionate release would undermine the goals of the original sentence." *United States v. Ogarro*, No. 18-cr-373-9 (RJS), 2020 WL 5913312, at *2 (S.D.N.Y. May 13, 2020) (quoting *United States v. Ebbers*, No. 02-cr-1144 (VEC), 2020 WL 91399, at *7 (S.D.N.Y. Jan. 8, 2020)). Those sentencing factors include (1) "the nature and circumstances of the offense," (2) "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," and (3) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a).

The § 3553(a) factors compel the Court to deny Camisa's motion. Camisa's crimes were obviously very serious: He threatened a victim at gunpoint to extort an illegal gambling debt. (Sent'g Tr. at 44–45.) As the Court explained at sentencing, Camisa did this more than once, and as the law existed at the time of Camisa's plea and sentencing, he easily could have faced a 30-year mandatory sentence for using a firearm on two occasions to extort money from debtors. (*Id.* at 45–46.) Although Camisa now remarks that he is one of two co-defendants still incarcerated out of the 46 defendants indicted in this case (Doc. No. 1781 at 7–8), his original plea agreement contemplated as much. Put simply, Camisa was the only defendant in the conspiracy to engage in gunpoint extortions, which is what accounts for his higher sentencing range relative to most of the

other defendants in the case.  (*See* Sent'g Tr. at 14, 40–41.)  Moreover, as the government points out, Camisa remained a fugitive for several months after the unsealing of the indictment, and his accrual of credit for time served thus began after many of his co-defendants.  (Doc. No. 1783 at 6–7.)  Anything less than the sentence originally imposed would undermine the important interests identified by the Court during the original sentencing proceeding.  (Sentencing Tr. at 44–50); *see also United States v. Sanchez*, No. 08-cr-789 (RJS), 2020 WL 4742916, at *3 (S.D.N.Y. June 17, 2020).  Accordingly, the Court finds that a reduction to Camisa's original sentence is not warranted.

### III.     Conclusion

For the reasons set forth above, Camisa's motion for compassionate release is DENIED, and the Clerk of Court is respectfully directed to terminate the motion pending at document number 1780.

SO ORDERED.

Dated:          February 9, 2021
                New York, New York

RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation